WILLIAMS, Judge.
Defendant’s four siblings (legatees) filed a petition to have defendant disinherited under LSA-C.C. art. 1621(12) for failure to communicate with the decedent for a period in excess of two years without just cause. The trial court denied the disinherison of defendant, and petitioners filed this devolu-tive appeal. For the reasons stated below, we vacate the judgment of the trial court and remand for further proceedings.
Mrs. Mary Quaglino Pizzo died on July 22, 1988. Her will, dated May 12, 1987, provides in part:
“I am invoking Louisiana C.C. Art. 1621 and am hereby disinheriting my daughter, Phyllis Pizzo, wife of Angelo Canna-tella, because she has known how to contact me and failed without just cause to communicate with me for over a period of two years from the date of my signing this will.”
On September 23, 1988, the executrix filed a petition to have decedent’s daughter, Phyllis Pizzo, disinherited for the grounds stated in decedent’s will. Mrs. Pizzo Canatella does not reside in the state of Louisiana. According to an affidavit executed by Mrs. Jean Gardner Russo, the secretary for the legatees’ counsel, Mrs. Cannatella was served under the Long Arm Statute on September 28, 1988 by certified mail, return receipt requested. The postal receipt, signed by Mrs. Canatella, was filed into the record along with Mrs. Russo’s affidavit.
A preliminary default judgment was entered on November 3, 1988. On November 29, 1988, after trial was held, the court rendered judgment denying disinherison of Phyllis Pizzo Cannatella. The trial judge stated the following in her Reasons for Judgment:
“Disinherison cannot result from a child’s failure to communicate with a parent. The parent and child owe each other a mutual obligation of respect. See Succession of Landry 463 So.2d 681 (La.App. 4th Cir.1985) where the court held that a period of estrangement which lasted 33 years did not amount to “cruelty” sufficient to support disinherison under Civil Code Article 1621(2).”
As appellants note, the holding in Landry that a son’s failure to communicate with his mother did not amount to cruelty sufficient for disinherison under art. 1621 has been legislatively overruled by subpar-agraph 12 of article 1621.[1]
*390 The more immediate problem herein, however, involves the trial court’s failure to appoint a curator ad hoc to represent the defendant. Mrs. Pizzo Canatella is an absentee: she is a nonresident of this state and has not appointed an agent for the service of process in this state in the manner directed by law. La.C.C.P. art. 5251. Because the defendant is an absentee, the trial court must appoint a curator ad hoc to represent her in this proceeding. La.C.C.P. art. 3171 provides:
If it appears from the record, or is otherwise proved by an interested party, that an heir of an intestate, or a legatee or presumptive legal heir of a deceased testator, is an absentee, and there is a necessity for such appointment, the court shall appoint an attorney at law to represent the absent heir or legatee.
The defendant is a presumptive heir and an absentee, and the appointment of a curator is necessary in order to protect the defendant’s interest in her mother’s succession and to allow the succession to proceed.
Furthermore, La.C.C.P. art. 5091 provides in pertinent part:
The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is: (a) a nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has made no general appearance; or (b) an unemancipated minor or mental incompetent who has no legal representative, and who may be sued through an attorney at law appointed by the court to represent him;
******
All proceedings against such a defendant shall be conducted contradictorily against the attorney at law appointed by the court to represent him. [Emphasis added].
The trial court has jurisdiction over property in which Mrs. Canatella has an interest. In addition, the defendant is an absentee who has not been served with process either personally or through an agent for the service of process.[2] Therefore, the trial court must appoint a curator ad hoc to represent Mrs. Canatella.
For the reasons discussed, the judgment of the trial court is vacated and the case is remanded for proceedings consistent with this opinion.
VACATED AND REMANDED.

. Article 1621 provides in relevant part: Art. 1621, Children, causes for disinherison by parents
The just causes for which parents may disinherit their children are twelve in number. There shall be a rebuttable presumption as to the facts set out in the act of disinherison to support these causes. These causes are, to wit:
* * * * ⅛ ⅜
12. If the child has known how to contact the parent, but has failed without just cause to communicate with the parent for a period of two years after attaining the age of majority, *390 except when the child is on active duty in any of the military forces of the United States.

. As noted, Mrs. Canatella was served by certified mail. This service is improper under LSA-R.S. 13:3201, the Long Arm Statute, because there is no indication that immovable property is involved. LSA-R.S. 13:3201 provides in pertinent part:
Personal jurisdiction over nonresidents
A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s
******
(e) having an interest in, using, or possessing a real right or immovable property in this state.
There is no indication in the record that the succession involves immovable property.